GARY M. RESTAINO
United States Attorney
District of Arizona
BENJAMIN GOLDBERG
New York State Bar No. 5346838
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: ben.goldberg@usdoj.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-24-01349-KML |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| Hugo Ariel Lopez, | |
| Defendant. | |

The United States has reviewed defendant Hugo Ariel Lopez's sentencing memorandum (Doc. 17) and also requests that this Court sentence Lopez to a sentence of three years' Probation.  Such a sentence considers the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and characteristics of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence.

**I.    Factual Background**

From March 7, 2020 to August 16, 2023, Lopez purchased at least 130 firearms. (PSR ¶ 16.)  At least 16 of those firearms were recovered by law enforcement.  (PSR ¶ 7.) Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") began investigating Lopez in 2021, after they determined he had purchased 53 firearms between December 11, 2020 and October 22, 2021.  (PSR ¶¶ 7-8.)  At that time, one of the firearms

that Lopez purchased had been recovered in California and Lopez had no reported wages since second quarter 2019.  (PSR ¶ 8.)  Agents also determined that Lopez was not a Federal Firearms Licensee, which would have entitled him to legally sell firearms.  (PSR ¶ 8.)

In November 2021, ATF agents spoke with Lopez, who said he collected and traded guns.  (PSR ¶ 9.)  Lopez did admit to also selling some of his guns and admitted he did not keep records of his firearms transactions.  (PSR ¶ 9.)  Although Lopez was able to show agents approximately 30 firearms at his home, only five of those guns represented firearms he had purchased, leaving 48 unaccounted for.  (PSR ¶ 10.)  Lopez admitted he had either sold or traded all 48 of those firearms.  (PSR ¶ 10.)  Before agents ended the interview, they provided Lopez with a warning letter informing him that he could not sell firearms without a license.  (PSR ¶ 9.)

Despite the warning letter, Lopez began purchasing firearms again in 2022. (PSR ¶ 11.)  Agents eventually determined that Lopez purchased at least 49 firearms after he received the warning letter in 2021.  (PSR ¶ 12.)

In September 2023, ATF agents executed a search warrant of Lopez's residence. (PSR ¶ 13.)  During the search of his home, agents seized 77 firearms, magazines, ammunition, and a stack of sales receipts.  (PSR ¶ 13.)  ATF had no prior knowledge and no records for 33 of the 77 firearms seized.  (PSR ¶ 13.)

Agents interviewed Lopez during the search of his residence, and he admitted to purchasing "quite a bit" of firearms since receiving his warning letter.  (PSR ¶ 14.)  Lopez insisted that he still had possession of multiple firearms that had been recovered by law enforcement and admitted to previously selling firearms at gun shows.  (PSR ¶ 15.) Although Lopez claimed that he had ceased to sell firearms at gun shows after receiving his warning letter, text messages found on his phone contradicted that claim.  (PSR ¶ 15.) Text messages also indicated that at least one buyer indicated to Lopez that he was a straw purchaser and was willing to scratch off the firearm's serial number if Lopez wanted. (PSR ¶¶ 15-16.)

On August 9, 2024, an Information was filed charging Lopez with Dealing Firearms

without a License.  (PSR ¶ 1.)  On August 23, 2024, Lopez pled guilty to the Information.  (PSR ¶ 2.)

## II.    The Applicable Guidelines Range

The United States has reviewed the PSR and has no objections, additions, or corrections.  The PSR calculates a total offense level of 15 and a criminal history category of I, resulting in a Guidelines range of 18-24 months' imprisonment.  (PSR at 16.)

The PSR notes that Lopez has no criminal history as an adult, a stable residence and stable employment, and does not present any issues which would increase his risk of recidivism or danger to the community.  (PSR ¶ 77.)  In light of those factors, the PSR notes that a sentence within the Guidelines range may be greater than necessary to deter future conduct.  (PSR ¶ 77.)  Indeed, the PSR recommends a downward variance, ultimately suggesting a sentence of three years of Probation.  (PSR at 16.)

The plea agreement in this case contains a stipulation that Lopez will receive a term of probation as his sentence.  (PSR ¶ 74.)

## III.    Argument

In his sentencing memorandum, Lopez requests a downward variance and a sentence of three years of Probation.  (Doc. 17.)  In support, he notes that this case represents his first adult conviction, that he never intended to facilitate criminal activity, and that he simply got carried away with his love of firearms.  (Id. at 5-6.)

As noted above, the PSR also recommends a downward variance and a sentence of three years of Probation.  While the government does not agree that Lopez simply got carried away, and has serious concerns about his conduct, it does agree that a downward variance is appropriate here and respectfully requests that this Court sentence Lopez to a term of three years of Probation.  Such a sentence is appropriate in light of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford adequate deterrence.  *See* 18 U.S.C. § 3553(a).

To be sure, the nature and circumstances of the offense are serious, and there is a need to promote respect for the law, provide just punishment, and deter future crimes.

Lopez admitting to selling at least 48 firearms and at least 16 of those were later recovered by law enforcement.  Despite Lopez's assertions, it was clear that at least one of his purchasers might be engaged in criminal activity, and it is particularly concerning that he continued purchasing and selling firearms after receiving a warning letter from ATF.

However, the government also acknowledges that several factors support a downward variance in this case.  Lopez has no criminal history as an adult and has ceased purchasing firearms since his residence was searched.  He has had no issues on pretrial release, is dealing with health issues, and, perhaps most importantly, his conviction will prohibit him from purchasing or possessing firearms in the future.  By entering into a pre-Indictment plea, Lopez also saved the government significant time and resources.

**IV.    Conclusion**

For the foregoing reasons, and considering the totality of the circumstances, the United States respectfully requests the Court impose a sentence of three years of Probation.  Such a sentence is sufficient, but not greater than necessary, to afford a just punishment and adequate deterrence and is warranted in light of the history and characteristics of the defendant.

Respectfully submitted this 31st day of October, 2024.


GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/Benjamin Goldberg*
BENJAMIN GOLDBERG
Assistant U.S. Attorney

- 4 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Charity Clark
*Attorney for defendant*

*s/C. Covington*
U.S. Attorney's Office